UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

DEREK BROCK RICKMAN                                                                              PLAINTIFF

V.                          No. 4:22-CV-00539-BRW-BBM

SUSAN POTTS, Jail Administrator
Drew County Detention Facility                                                                   DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommended Disposition. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommended Disposition. If you do not file objections, Judge Wilson may adopt this Recommended Disposition without independently reviewing all the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.     INTRODUCTION

On June 6, 2022, Plaintiff Derek Brock Rickman ("Rickman"), then a postconviction detainee in the Drew County Detention Center ("DCDC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that Jail Administrator Susan Potts ("Potts") violated his constitutional rights. (Doc. 2). Specifically, Rickman claims that Potts ignored his written and oral requests to see a doctor and his mental health counselor.

(Doc. 2 at 4). As a result, he did not receive his "daily medication" that he had been on for "several years." *Id.* After the Court screened the Complaint in accordance with the Prison Litigation Reform Act ("PLRA"), Rickman was allowed to proceed with a claim that Potts was deliberately indifferent to his serious medical needs. (Doc. 4).

Potts filed a Motion for Summary Judgment, Statement of Undisputed Facts, and Brief in Support, arguing that Rickman failed to exhaust his administrative remedies. (Docs. 28–30). The Court directed Rickman to file a response by July 27, 2023. (Doc. 31). The Court advised Rickman that, if he did not do so, all facts in Potts's Statement of Undisputed Facts could be deemed admitted by him under LOCAL RULE 5.5(c)(2). *Id.* at 2. To date, Rickman has not filed a response, and the time for doing so has expired.

After careful consideration of the record, the Court recommends that Potts's Motion for Summary Judgment be granted and Rickman's Complaint be dismissed, without prejudice, for failure to exhaust available administrative remedies.[1]

## II.   DISCUSSION

In her Motion for Summary Judgment and accompanying brief, Potts argues that Rickman's deliberate-indifference claim should be dismissed because Rickman failed to exhaust his administrative remedies. (Docs. 28–29). The PLRA requires prisoners to

---

[1] Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249–50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex,* 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* FED R. CIV. P. 56(c); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011).

2

exhaust all available administrative remedies prior to filing a § 1983 action. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Muhammad v. Mayfield,* 933 F.3d 993, 1000 (8th Cir. 2019). In order to do so, prisoners must fully and properly exhaust their available administrative remedies *as to each claim* that is later raised in a § 1983 action and complete the exhaustion process before initiating the § 1983 action. *Jones v. Bock*, 549 U.S. 199, 211, 219–20, 223–24 (2007); *Woodford*, 548 U.S. at 93–95; *Burns v. Eaton,* 752 F.3d 1136, 1141–42 (8th Cir. 2014). Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90. Thus, to satisfy the PLRA, a prisoner must comply with the exhaustion requirements of the incarcerating facility before he can properly bring a claim in a § 1983 action.

    1.    **DCDC Grievance Procedure**

The DCDC provides an "Inmate Request/Grievance Procedure" that inmates must utilize to exhaust their administrative remedies. (Doc. 28-1 at 9). Inmates may initiate the procedure by delivering a "written note of a complaint, request or problem" to any jailer. *Id.* The jailer screens the written "request/grievance" to determine if it describes a true emergency. *Id.* Absent an emergency, the grievance is investigated and, if valid, resolved within a reasonable time. *Id.* Regardless of merit, the inmate is informed of disposition of the grievance, in writing, within ten working days of the date the grievance is received. *Id.* All grievance responses, dated and signed, are then placed in the inmate's jail file. *Id.*

    2.    **Rickman's Grievances**

3

In support of her Motion for Summary Judgment, Potts submits the affidavit of the current DCDC Jail Administrator, Courtney Hale. (Doc. 28-1 at 1–2). According to Administrator Hale, she reviewed Rickman's jail file and did not find a grievance regarding a deliberate-indifference claim against Potts. *Id.* at ¶¶ 1–2. She states that "Rickman did not file *any* grievances related to this lawsuit." *Id.* at ¶ 3 (emphasis added); (Doc. 30 at 1, ¶¶ 4–5). Because Rickman has not contested any material fact set forth by Potts in her Statement of Undisputed Facts, these material facts are deemed admitted. LOCAL RULE 56.1(c); FED. R. CIV. P. 56(e).

For the sake of thoroughness, however, the Court will also consider Rickman's statements set out in his verified Complaint.[2] Therein, Rickman first acknowledges that he did not file any "grievances presenting the facts set forth in []his complaint" because the DCDC does not have a grievance procedure, "just request forms to the administrator." (Doc. 2 at 3–4). Rickman's description of "request forms" is consistent with DCDC's grievance procedure, allowing inmates to submit written "request[s]/grievances[s]." (Doc. 28-1 at 9).

---

[2] Rickman signed his Complaint under penalty of perjury and swore that all of his factual allegations are "true and correct." (Doc. 2 at 5). Thus, in determining if there are genuine issues of disputed material fact, the Court must consider the sworn facts in Rickman's verified Complaint just as if they were stated in an Affidavit filed in opposition to Defendant's pending Motion for Summary Judgment and accompanying Statement of Undisputed Facts. *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994–95 (8th Cir. 2001) ("A plaintiff's verified complaint is the equivalent of an affidavit for purposes of summary judgment and a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint.") (internal citations omitted); *De Rossitte v. Correct Care Sols., LLC.*, 22 F.4th 796, 803 (8th Cir. 2022) (reversing grant of summary judgment where district court did not consider inmate's verified complaint and deposition testimony that established genuine issues of material fact).

4

Rickman's mistaken belief that the DCDC did not have a grievance procedure, nevertheless, is irrelevant in determining whether administrative remedies were available to him at DCDC. "Section 1997e(a) says nothing about a prisoner's subjective beliefs, logical or otherwise, about the administrative remedies that might be available to him." *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000). "The statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them." *Id.*

Rickman goes on in his Complaint to state that he completed five requests to see a doctor and mental health counselor but never received any written response. (Doc. 2 at 4). At first blush, this seems to contradict Administrator Hale's assertion that "Rickman did not file *any* grievances related to this lawsuit." (Doc. 28-1 at 1–2 at ¶ 3). Yet, the *material* issue before the Court is whether Rickman filed a grievance raising his deliberate-indifference claim against Potts.

In order to exhaust his deliberate-indifference claim against Potts, Rickman was required to file a "written note of a complaint, request or problem" raising *that claim* with DCDC officials. (Doc. 28-1 at 9). Nowhere in Rickman's Complaint—or anywhere else in the record—is there any indication that Rickman filed such a grievance. By failing to file a grievance against Potts, DCDC officials would not have notice of Potts's alleged deliberate indifference and would not have had the opportunity to investigate or resolve Rickman's complaints. *Jones*, 549 U.S. at 219 (The purposes of the PLRA's exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are

5

satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.").

Because Rickman failed to file a grievance raising his deliberate-indifference claim against Potts, he failed to exhaust his administrative remedies in accordance with the PLRA. Accordingly, Potts's Motion for Summary Judgment should be granted, and Rickman's Complaint should be dismissed, without prejudice, for failure to exhaust available administrative remedies.

## III.  CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Defendant's Motion for Summary Judgment (Doc. 28) be GRANTED.

2. Rickman's Complaint (Doc. 2) be DISMISSED, without prejudice, for failure to exhaust available administrative remedies.

DATED this 23rd day of February, 2024.

_____
UNITED STATES MAGISTRATE JUDGE